```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     EASTERN DIVISION
```

CLARK STREET                                            PLAINTIFF

VS.                                       CIVIL ACTION NO. 4:06CV76LR

STUART SMITH AND
ANDREW SACKS                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on a number of motions, as follows: (1) a motion by defendants Stuart Smith and Andrew Sacks to transfer and/or alternatively, to dismiss for lack of venue and lack of personal jurisdiction and/or motion to transfer pursuant to the first-filed rule or the doctrine of forum non conveniens; (2) a motion by plaintiff Clark Street for entry of default judgment as to defendant Andrew Sacks; (3) a motion by defendant Andrew Sacks to vacate clerk's entry of default; (4) a motion by plaintiff Clark Street to strike defendant Sacks' motion to transfer or, alternatively, to dismiss.  The motions have now been fully briefed and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, finds and concludes as follows.

Plaintiff Clark Street, a Mississippi attorney, brought this action against Stuart Smith and Andrew Sacks, attorneys licensed to practice in Pennsylvania and Louisiana, respectively,

claiming that Sacks' father, Bernard Sacks, and Smith had entered into an agreement with plaintiff in 1992 pursuant to which he was to perform services in connection with defendants' NORM (naturally occurring radioactive material) litigation, in exchange for which he would receive his expenses and a percentage of the recovery. The complaint asserts claims for fraud, breach of contract, bad faith breach of contract, unjust enrichment and intentional infliction of emotional distress based on allegations that defendants have failed and refused to pay the attorney's fees and expenses due him for his services.

The docket sheet reflects that defendant Sacks was served with plaintiff's complaint on June 7, making his answer due on or before June 27. On June 28, plaintiff promptly moved for entry of default based on Sacks' failure to timely answer. On June 29, the clerk entered his default, and plaintiff immediately moved for a default judgment. A week later, on July 7, Sacks filed his motion to transfer, or alternatively to dismiss. Street promptly moved to strike Sacks' motion, contending that since Sacks was in default, he was foreclosed from filing any motion (other than a motion to vacate the default). Sacks responded by immediately moving to vacate the clerk's entry of default.

The first matter to be addressed, of course, is Sacks' motion to vacate entry of default. In the court's opinion, his motion should be granted. The Fifth Circuit has repeatedly stated that

2

default judgments are "'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).  In his motion, Sacks explains contending that his delay in filing a responsive pleading was primarily the result of his having learned at the last minute that his chosen attorney was not licensed to practice in Mississippi, which required that he find Mississippi counsel on short notice (a process that was delayed somewhat by the Fourth of July holiday).  Sacks submits that he has a meritorious defense to Street's claims and that it would hardly prejudice Street to require him to litigate his claims on the merits.  The court agrees.  See Goodwin v. Libbey Glass, Inc., No. No. 05-30605, 2006 WL 1044292, *5 n.6 (5th Cir. Apr. 18, 2006) (finding that district court acted within its discretion in setting aside default judgment where the defendant had responded quickly to a notice of default and proffered a meritorious defense, and where the plaintiff suffered no prejudice by the court's setting aside the default).  The entry of default will therefore be vacated, and plaintiff's motion for default judgment, as well as his motion to strike defendants' motion to transfer, will be denied.

   The court thus turns to defendants' motion to transfer or, alternatively, dismiss.  Defendants' motion presents four

arguments for dismissal or transfer: (1) Mississippi is not a proper venue; (2) defendants are not subject to personal jurisdiction in Mississippi; (3) the first-filed rule requires that the case be transferred to Louisiana; and (4) the case should in any event be transferred to Louisiana under 28 U.S.C. § 1404(a) based on forum non conveniens.

In the court's opinion, defendants' venue and personal jurisdiction challenges are not well taken.  The applicable venue statute, 28 U.S.C. § 1391(a), provides that in a civil action in which jurisdiction is founded solely on diversity of citizenship (as is the case here), venue is proper only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Defendants argue that all, or substantially all, of the events giving rise to this action, were performed at Smith's office in Louisiana; that "few, if any," of the events giving rise to the suit, occurred in Mississippi; and that Louisiana is thus the only forum where venue is proper. As defendants put it, "the vast majority of the litigation support services that he provided occurred in the offices of Sacks & Smith in New Orleans," and "[a]s such, a 'substantial part of the events . . . giving rise to

4

[Plaintiff's] claims clearly occurred in Louisiana." Street has responded, arguing that a substantial part of the events or omissions giving rise to his claims occurred in Mississippi so that venue is plainly proper in Mississippi under subsection (b). In an affidavit submitted by Street, he explains that his relationship with Smith arose when Smith represented him in plaintiff's own NORM lawsuit, after which Smith asked plaintiff to work in assisting with NORM litigation and signing up clients. He asserts that his first cases were in Mississippi, and while he has done work pursuant to his agreement with defendants at various locations around the country and at Smith's office in Louisiana, more of his work has been done at his office in Waynesboro, Mississippi and since 1999, substantially all of his work for defendants has been performed in Waynesboro.

It does appear that a substantial part of the activities giving rise to plaintiff's claims occurred in Louisiana, as contended by defendants, so that Louisiana is a proper venue. But that does not disqualify Mississippi as a proper venue, if a substantial part of the activities also took place in Mississippi, as it appears is the case. See David D. Seigel, Commentary on the 1998 and 1990 Revisions of § 1391 ("The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as 'substantial' activities took place in A, too. Indeed, district A should not be disqualified even if it

is shown that the activities in B were more substantial, or even the most substantial.").

As for the issue of personal jurisdiction, defendants argue that there exists no personal jurisdiction for either defendant in Mississippi because "Defendant Sacks has seldom, if ever, even visited the State of Mississippi and only a small fraction of Defendant Smith's cases were prosecuted in the State of Mississippi."  A federal court sitting in diversity may exercise personal jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts, and (2) if due process is satisfied under the Fourteenth Amendment.  Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997). Mississippi's long-arm statute provides for an exercise of jurisdiction over a nonresident "who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state. . . ."  Miss. Code Ann. § 13-3-57. Here, plaintiff, a Mississippi resident, alleges that defendants made a contract with him that was to be performed, at least in part, in Mississippi; that defendants committed a tort against him, intentional infliction of emotional distress, which resulted in injury to him in Mississippi; and that defendants, as

6

practicing attorneys who have represented clients in Mississippi, have thus also done business in this state.  Defendants are subject to jurisdiction under the Mississippi long-arm statute.

The next question is whether jurisdiction over defendants comports with the due process clause of the Fourteenth Amendment. "Exercising personal jurisdiction over a nonresident defendant is consistent with due process when (1) defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 867 (5th Cir. 2001) (quoting Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 214 (5th Cir. 2000)).  Plaintiff has presented evidence that defendant Stuart Smith approached him about working for Smith and Sacks in the NORM litigation and that some of the NORM cases he worked on were Mississippi cases, and further that both defendants have solicited Mississippi clients and practiced in Mississippi courts.  It would therefore not offend due process for this court to exercise jurisdiction over these defendants, and their motion to dismiss for lack of personal jurisdiction will be denied.

Defendants next submit that even if venue and personal jurisdiction are proper in this forum, the case should

nevertheless be transferred to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice.  In support of this motion, defendants declare that "the majority of witnesses necessary to resolution of the case at bar reside in the State of Louisiana as they are employees and/or former employees, and/or clients and/or former clients of Defendants' law firm in New Orleans."  Plaintiff counters that the mere fact that there may be some witnesses in Louisiana is not a sufficient basis for upsetting his choice of forum, particularly given that there are also witnesses in Mississippi for whom a Mississippi forum would be more convenient.

In considering a request to transfer under § 1404(a), a plaintiff's choice of forum controls unless it is clearly outweighed by other considerations. Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. 1981), cert. denied, 456 U.S. 919, 102 S. Ct. 1777 (1982); Sorrels Steel Co., Inc. v. Great Southwest Corp., 651 F. Supp. 623, 628 (S.D. Miss. 1986).  The defendants bear the burden of establishing the propriety of transfer, and to sustain their burden, must prove not only that the proposed transferee forum is as convenient as plaintiff's chosen forum, but that on balance, it is more convenient; a transfer will be denied where the effect of the transfer is merely to shift the burden of inconvenience from one party (the plaintiff) to another (the

defendants). Searcy v. Knostman, 155 Bankr. 699 (S.D. Miss. 1993) (quoting Van Dusen v. Barrack, 376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)) (defendant must make convincing showing of right to have case transferred since § 1404(a) provides for transfer "'to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient'"). Defendants herein have failed to sustain their burden in this regard, and accordingly, their motion to transfer pursuant to § 1404(a) will be denied.

That brings the court to defendants' motion to transfer based on the first-filed rule. As defendants point out in their motion, on May 30, six days before this suit was filed, Sacks and Smith filed suit in federal court in Louisiana seeking a declaratory judgment that they owe "no sums of money whatsoever to any and/or all of the defendants herein . . . for any personal or professional services rendered by Defendants of any kind. . . ." Defendants argue that in view of the prior action, this case must be dismissed or transferred based on the "first to file rule," or "first-filed rule." This rule is a discretionary doctrine which provides that when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. See Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5TH Cir. 1999); see also Save Power Ltd. v. Syntek Fin. Corp., 121

9

F.3d 947, 950 (5th Cir. 1997); West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir. 1985). "The rule rests on principles of comity and sound judicial administration" and is used by courts "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." Cadle, 174 F.3d at 604.

For his part, Street acknowledges that the Fifth Circuit generally applies the first-filed rule but points out "it recognizes an exception to the rule in cases where a plaintiff files suit for declaratory relief in anticipation of a lawsuit to be filed by the defendant," Pertuit v. Youthspan, Inc., 2003 WL 356021, at *3 (E.D. La. 2003) (citing Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill, 751 F.2d 801 (5th Cir. 1985)), and argues that this exception applies here. According to Street, for a number of years there had been disputes between the parties as to sums of money owed him, and on May 25, 2006, after defendants refused to pay his percentage compensation in a particular NORM case, he notified Sacks and Smith that he intended to file suit against them to resolve the matter if a settlement could not be reached by June 2, 2006. A copy of his draft complaint was provided. On May 30, Val P. Exnicious, representing Sacks and Smith, contacted plaintiff's attorney and asked that he refrain

from filing suit until he could meet with plaintiff's counsel on June 6 at his office in Laurel, Mississippi.  Plaintiff's attorney agreed; but on that same day, May 30, Exnicious filed the Louisiana declaratory judgment action on behalf of Sacks and Smith.

While it may well be that the Louisiana lawsuit falls under the anticipatory declaratory judgment exception to the first-filed rule and that this case should proceed, the court is of the opinion that such a determination is best made by the Louisiana district court.  "In deciding whether to apply the first-to-file rule, the Court must resolve two questions:  (1) are the two pending actions so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case."  Datamize, Inc. v. Fidelity Brokerage Services, LLC, 2004 WL 1683171, *3 (E.D. Tex. 2004) (citing Texas Instruments v. Micron Semiconductor, 815 F. Supp. 994, 997 (E.D. Tex. 1993)).  Only the first issue is for the second-filed court to decide, however, for in this circuit, "'[o]nce the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed.'"  Cadle, 174 F.3d at 605-606 (quoting Mann

Mfg. Inc. v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir. 1971)).

Rather, that is a decision for the first-filed court:

> "[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." Sutter Corp., 125 F.3d at 920.  As noted above, "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." Save Power, 121 F.3d at 948.

Cadle, 174 F.3d at 606.  Thus, once the second-filed court finds that the issues in the two suits might substantially overlap, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed."  Id. (finding that second-filed court erred in dismissing suit rather than transferring case to first-filed court); see Good Sportsman Mkg. LLC v. Testa Assocs., LLC, 2005 WL 2850302, *3 (E.D. Tex. 2005) ("Once it has been proven that the two actions might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is pending, and the court where the action was first-filed decides if the cases actually do substantially overlap and require consolidation.") (citing Cadle).  The apparent rationale for this procedure is the same that supports the first-filed rule, namely, a desire to avoid duplication of effort and

12

potentially inconsistent results.  Simply put, a single federal court, rather than two, should be charged with deciding which of two federal actions ought to proceed, and as a matter of policy, the court that is charged to make that decision is the first-filed court.[1]  Accordingly, consistent with this policy, the court concludes that this case should be transferred to the Louisiana federal court.[2]

    Based on the foregoing, it is ordered that this case be transferred to the United States District Court for the Eastern District of Louisiana.

    SO ORDERED this 15th day of August, 2006.

                                         /s/ Tom S. Lee
                                         UNITED STATES DISTRICT JUDGE

---

[1] The fact that the Fifth Circuit treats an anticipatory declaratory judgment action as an exception to the first-filed rule is consistent with the considerations applicable in deciding whether a declaratory judgment action should proceed.  To the point, in the exercise of its discretion whether to allow an action for declaratory judgment to proceed, a district court should consider, among other factors, whether there is another pending action in which the matters in controversy may be litigated, "whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, . . . whether the plaintiff engaged in forum shopping in bringing the suit, [and] whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist. . . ."  St. Paul Insurance Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994).

[2] The court's determination herein that defendants' objections to venue and personal jurisdiction and based on alleged inconvenience factors is intended to make clear this court's opinion that there are no impediments to the plaintiff's proceeding with his lawsuit in this forum.